Deaderick, J.,
delivered the opinion of the Court.
The only question presented for our determination in this case is, whether the property exempt by law in favor of the widow, upon the death of her husband, is also exempt for the benefit of the minor children under fifteen, whose father dies leaving no widow.
The Code, section 2288, provides that property exempt by law from execution, shall, on the death of the husband, be exempt from execution in the hands of the widow, and be vested in her, without regard to the size or solvency of the estate, for herself, and in trust for the benefit of the children or widow of deceased or of both.
This section is explicit in its directions that the exempt property shall be vested in the widow for the benefit of herself and children, and this without re *314 gard to the size or solvency of the estate of the deceased.
The next section provides for the children under fifteen, when there is no widow, in these words: “And in case there be no widow, and the estate be insolvent, -such property shall be exempt for the benefit of the minor children under fifteen.” Sec. 2289.
Section 2288 can only have effect where there is a widow to take and hold the property. In its terms it makes no provision for the children of the deceased father who dies leaving a widow.
The next section, however, does make provision for the children under fifteen, where there is no widow. But it restricts the allowance of the exemption to children under fifteen, and to cases in which the estate is insolvent. There is no other section under which the exemption in favor of minors, where there is no widow, can be maintained, and under this section it exists by the clear terms of the statute, in cases where the estate is insolvent, and in no other. The estate in this case is solvent.
The charge of his Honor, the Circuit Judge, was contrary to the views we entertain of the law, and the judgment must be reversed and the cause remanded for a new trirl.